

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

*******************************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 12-30115-RAL |
| Plaintiff, | * | ADDENDUM TO |
| | * | REPORT AND RECOMMENDATION |
| -vs- | * | CONCERNING MOTION TO |
| | * | SUPPRESS EVIDENCE |
| CLINT BROWN, | * | |
| Defendant. | * | |

*******************************************************************************

## SUMMARY

In a supplement to his earlier filed motion, Clint Brown seeks to suppress the urine sample taken from him and the statement he made prior thereto. Because the sample was obtained in accord with Fourth Amendment strictures and because his statement was volunteered – and thus did not violate either the Fifth Amendment or the precepts of *Miranda*[1] – the Court recommends that the suppression motion, as augmented, be denied.

## BACKGROUND

In conjunction with a search warrant executed at his trailer house on August 17, 2012, Brown was arrested on various state offenses, including two drug crimes, and taken to the Brule County Jail in Chamberlain, South Dakota. There, Lyman County Deputy Sheriff Don Jennings advised Brown that he needed "to submit to a UA." As Jennings was

---

[1]*See Miranda v. Arizona*, 384 U.S. 436 (1966).

getting the cup for the urine sample out, and without any *Miranda* advisement, Brown said, "My piss is going to melt right through that cup." At no time during this interplay did Jennings question Brown or even engage in any friendly banter with him. Ultimately, Brown provided a sample and it tested positive for methamphetamine, amphetamine and cannabinoids.

## DISCUSSION

### A. Urine Sample

Brown initially claims that the urine sample was taken without his consent and in violation of his Fourth Amendment rights. The lack of consent and the absence of a search warrant for the sample, he says, requires that the test results be suppressed.

A law enforcement officer, however, may obtain a urine sample from a person, without a search warrant and incident to arrest, even if that person refuses to provide one himself, if there is probable cause to believe that evidence of a crime could be discovered through an analysis of that sample.[2] Brown was placed under arrest for two drug related offenses before providing a urine sample. And a person of reasonable prudence, knowing what Jennings did at the time, would have believed that evidence of a drug offense could be discovered through an urinalysis of Brown.[3] Hence, there was no need for Jennings to

---

[2] *See Schmerber v. California*, 384 U.S. 757, 766-72 (1966); *United States v. Edmo*, 140 F.3d 1289, 1291-92 (9th Cir. 1998); *United States v. Twiss*, 127 F.3d 771, 773-74 (8th Cir. 1997).

[3] *See Ornelas v. United States*, 517 U.S. 690, 696 (1996).

2

obtain a warrant for Brown's urine.[4] This being the case, no basis exists to suppress either the sample or the testing conducted on it.

**B. Statement**

Brown also claims that the statement he uttered, before providing the urine sample, should be suppressed. He argues that the statement was involuntary and given without complying with *Miranda*.

Under *Miranda*, the Government is prohibited from using statements made during custodial interrogation unless the suspect has been previously advised of his Fifth Amendment privilege against compulsory self-incrimination and right to an attorney.[5] But because "[v]olunteered statements of any kind are not barred by the Fifth Amendment, *Miranda* concerns do not arise in the absence of police interrogation."[6] Interrogation is not limited to "express questioning" for it also includes "any words or actions that the police should know are reasonably likely to elicit an incriminating response."[7]

Brown's statement – that his urine was going to "melt right through" the specimen cup – was made spontaneously and without any interrogation within the meaning of

---

[4] *See United States v. Linder*, 759 F.Supp.2d 1133, 1143-44 (D.S.D. 2010); *see also United States v. Abernathy*, CR. 11-30042-RAL, 2011 WL 5403223 at *7 (D.S.D. Nov. 8, 2011) (police may conduct a warrantless search by requiring that an individual submit to a blood test when they have probable cause and exigent circumstances are present).

[5] *Miranda*, 384 U.S. at 444.

[6] *Id.* at 478.

[7] *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

3

*Miranda*.[8] Jennings did not question Brown or attempt to draw out an inculpatory response from him. Inasmuch as Brown's statement was volunteered and unsolicited, it fell outside the protections of the Fifth Amendment and *Miranda*.[9] It follows then that the statement is admissible as substantive evidence at trial.

## CONCLUSION

The search and seizure of Brown's urine sample, even if compelled, did not invade the province of the Fourth Amendment. And his evocative statement, made after being told that he needed to provide a sample, was voluntary and comported with the requirements of *Miranda*. In the final analysis, Brown's two additional grounds for suppressing evidence, are of no help to him.

## RECOMMENDATION

Accordingly, it is hereby

RECOMMENDED that the supplemental claims Brown advances, in support of the suppression of evidence,[10] be denied *in toto*.

---

[8] *See* Mot. Hrg. Tr. 81-83, 86-87 (Dec. 6 & 10, 2012).

[9] *See United States v. Chipps*, 410 F.3d 438, 445 (8th Cir. 2005); *United States v. Waloke*, 962 F.2d 824, 829 (8th Cir. 1992); *United States v. Allman*, CR. 12-30056-RAL, 2012 WL 3190780 at **2-4 (D.S.D. Aug. 3, 2012); *United States v. LaRoche*, CR. 08-30056-KES, 2008 WL 4224782 at *5 (D.S.D. Sept. 9, 2008); *United States v. Tail*, CR. 04-50026-KES, 2005 WL 2114227 at *3 (D.S.D. Aug. 31, 2005, *aff'd*, 459 F.3d. 854 (8th Cir. 2006).

[10] *See* Mot. Hrg. Tr. 7-12.

## NOTICE

An aggrieved party must file written objections, within 14 calendar days, to challenge any report and recommendation pertaining to a dispositive motion (such as a motion to suppress) before the assigned United States District Judge.[11]

Dated this 15th day of February, 2013, at Pierre, South Dakota.

BY THE COURT:

*[signature]*

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

---

[11]*See* 28 U.S.C. §636(b)(1).

5